IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVE ESTER NEWMAN, #2139019, § | |
| § | |
| Petitioner, § | |
| § | |
| v.  § | No. 3:20-cv-3733-X (BT) |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Dave Ester Newman, a Texas prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge for findings and a recommendation pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should DISMISS Newman's petition as untimely.

**Background**

On June 1, 2017, a Dallas County jury found Newman guilty of committing aggravated robbery with a deadly weapon and sentenced him to thirty years' imprisonment. *See The State of Texas v. Dave Ester Newman*, F-1630710-N; ECF No. 12-12 at 108. Newman then filed an application in state court for a writ of habeas corpus on June 12, 2017, which was dismissed on August 23, 2017, as improperly filed before the mandate issued. See *Ex parte Newman*, WR-87,180-01 (Tex. Crim. App. Aug. 23, 2017). The Texas Fifth Court of Appeals affirmed

Newman's conviction on July 13, 2018. *Newman v. State*, 05-17-00659, slip op. (Tex. App.—Dallas 2018, pet ref'd). The Texas Court of Criminal Appeals (CCA) refused Newman's petition for discretionary review (PDR) on December 5, 2018. *Newman v. State*, PD-0785-18 (Tex. Crim. App. Dec. 5, 2018).

Newman then filed another state habeas application on January 6, 2020, which the CCA denied without written order on May 6, 2020. *See Ex parte Newman*, WR-87,180-02 (Tex. Crim. App. May 6, 2020); ECF No. 12-23 at 1.

Newman filed this federal habeas application on December 23, 2020, in which he claims his counsel was ineffective for failing to:

1. investigate his defense claims;
2. file a timely objection and suppression motion;
3. timely request an investigator;
4. challenge the indictment;
5. allow him to view the State's evidence against him;
6. file a motion to suppress or otherwise challenge the search and arrest warrants;
7. challenge a DNA report;
8. object to improper statements from the prosecution;
9. move for an instructed verdict;
10. ask for the correct lesser included offense instruction; and
11. request a mistrial.

ECF No. 3. at 6-9. The State filed a response, arguing that Newman's petition is time-barred. ECF No. 11. Newman filed a reply. ECF No. 16.

## Legal Standards and Analysis

A. <u>Newman's federal habeas petition is untimely under the AEDPA.</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* AEDPA, Pub. L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of—

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, Newman makes contradictory arguments regarding whether an accrual date other than that provided by Section 2244(d)(1)(A) might apply. On the one hand, he admits in his briefing that, without equitable tolling, his petition is untimely. *See*, *e.g.*, ECF No. 16 at 6. But he also suggests that Sections 2244(d)(1)(B), (C), and (D) might apply to provide a later accrual date. *See* ECF No. 16 at 6. Newman's propositions are unavailing.

Under Section 2244(d)(1)(B), the limitations period begins to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Newman claims that the "state action to lock down the [county]" "forced the prisons to lock down, and caused the law library to temporarily shut down as well." ECF No. 16 at 6. But Newman never says that any state action was unconstitutional, which is a necessary requirement for Section 2244(d)(1)(B) to apply. *See Hatcher v. Quarterman*, 305 F. App'x 195, 196 (5th Cir. 2008) (per curiam) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)). And Newman fails to identify any newly recognized claims made retroactive on federal habeas review at issue in his petition, so Section 2244(d)(1)(C) does not apply. Finally, Newman does not explain how Section 2244(d)(1)(D) would apply. He does not claim that the factual predicate of his claims could not have been discovered by the time his conviction became final under Section 2244(d)(1)(A). In short, Section 2244(d)(1)(A) supplies the appropriate accrual date for Newman's claims under AEDPA.

Applying Section 2244(d)(1)(A), the state court entered its judgment on June 1, 2017. *See The State of Texas v. Dave Ester Newman*, F-1630710-N; ECF No. 12-12 at 108. Newman filed a state habeas application on June 12, 2017, but the CCA dismissed it on August 23, 2017, because Newman filed it before the mandate became final. *See Ex parte Newman*, WR-87,180-01 (Tex. App. Aug. 23, 2017). The Fifth Court of Appeals affirmed Newman's conviction on July 13, 2018. *Newman v. State*, 05-17-00659, slip op. (Tex. App.—Dallas 2018, pet ref'd). The CCA refused Newman's PDR on December 5, 2018.[2] *Newman v. State*, PD-0785-18 (Tex. Crim. App. Dec. 5, 2018). Thus, for AEDPA purposes, his conviction became final, and the statute of limitations accrued, on March 5, 2019—ninety days after the CCA refused his PDR and the period for timely filing a petition for writ of certiorari with the Supreme Court expired. *See Roberts v. Cockrell,* 319 F.3d 690, 693-95 (5th Cir. 2003) (finality determined by expiration of time for filing further appeals); SUP. CT. R. 13.1 (a petition for a writ of certiorari to review a judgment entered by a state court of last resort is timely when it is filed within 90 days after

---

[2] Newman claims, without reference to any authority, that, because he did not receive notice that his PDR was denied until January 10, 2019, his conviction became final 90 days from that date, April 10, 2019. This is incorrect. "When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final *ninety days after the highest court's judgment is entered*, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court." *Roberts,* 319 F.3d at 693 (emphasis added). So here, as discussed, because Newman did not file a petition for certiorari with the United States Supreme Court (ECF No. 3 at 4), his conviction became final on March 5, 2019—ninety days after the CCA denied his PDR.

entry of the judgment). Absent tolling, then, Newman's limitations period expired one year later on March 5, 2020.

Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Newman's first state habeas application did not toll the limitations period because it was improperly filed before the mandate issued. *See*, *e.g.*, *North v. Davis*, 800 F. App'x 211, 213-14 (5th Cir. 2020) (per curiam). Newman's second state habeas application—filed on January 6, 2020 and denied on May 6, 2020—tolled the limitations period for 122 days; thus, Newman's limitations period, with the benefit of that tolling, was extended until July 6, 2020. *See Ex parte Newman*, WR-87,180-02 (Tex. Crim. App. May 6, 2020); ECF No. 12-23 at 1. But Newman did not file his federal habeas application until December 23, 2020—more than five months past the deadline.

In sum, absent equitable tolling, Newman's federal habeas petition is untimely.

B. <u>Newman is not entitled to equitable tolling</u>.

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis*, 158

6

F.3d at 811). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir.1999), *abrogated on other grounds by Causey v. Cain,* 450 F.3d 601, 605-06 (5th Cir. 2006). A petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000).

Here, Newman says that equitable tolling is warranted because of the COVID-19 pandemic. ECF No. 16 at 2. More specifically, he says that COVID-19 forced prisons to temporarily lock down and the temporary closure of the law library, and then, on top of that, when the law library was open, capacity was capped at 20-25 people. *See* ECF No. 16 at 4. This restricted law library access, Newman asserts, is especially important for him as a layman without training in the law.

Newman's argument for equitable tolling is not persuasive and should be rejected. First, "courts have found that intermittent lockdowns and diminished access to the law library, even as a result of COVID-19 restrictions, do not constitute 'extraordinary circumstances' warranting equitable tolling." *Contreras-Beltran v. United States*, 2022 WL 4295254, at *3 (N.D. Tex. Aug. 4, 2022), *rec. accepted* 2022 WL 4295296 (N.D. Tex. Sept. 16, 2022) (rejecting argument that limited access to law library in light of COVID-19 justified equitable tolling when the petitioner failed to show a causal link between the late filing and limited law

7

library access) (citing *Delarosa v. Dir., TDCJ-CID*, 2022 WL 850041, at *2-3 (N.D. Tex. Feb. 22, 2022), *rec. accepted Delarosa v. Dir., TCDJ-CID*, 2022 WL 847216 (N.D. Tex. Mar. 22, 2022)) (collecting cases finding pandemic-related circumstances, including lockdowns and diminished library access, did not prevent filing of habeas petition); *see also Collins v. United States*, 2022 WL 3593056, at *6 (W.D. Tex. Aug. 22, 2022) ("The Covid-19 pandemic and the restrictions on petitioner's library access are insufficient to warrant equitable tolling.").

Second, Newman fails to show how the COVID-19 pandemic actually prevented him from timely filing his federal habeas petition. He does not, for example, allege how, specifically, the limited library access or lock downs caused him to miss the federal filing deadline. *See*, *e.g.*, *Perez v. Davis*, 2017 WL 3142411, at *16 (S.D. Tex. June 28, 2017), *rec. accepted* 2017 WL 3120666 (S.D. Tex. July 21, 2017) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (requiring a causal connection between the extraordinary circumstances and the untimely filing) (further citations omitted). "Stated another way, [Newman] again shows no causal link between the pandemic-related impediments identified in his response— intermittent lockdowns and limited access to the law library—and [his] ability to file the [§ 2254 petition]." *Contreras-Beltran*, 2022 WL 4295254, at *3 (citing *Nunez v. Danforth*, 2021 WL 1063127, at *2 (S.D.N.Y. Mar. 18, 2021); *Young v. Mississippi*, 2021 WL 4190646, at *5 (S.D. Miss. Aug. 6, 2021)).

Finally, even in the context of the COVID-19 pandemic, a petitioner must provide sufficient evidence to determine whether he exercised diligence during "all time periods—before, during and after the existence of the COVID-19 pandemic." *Fitzgerald v. Shinn*, 2020 WL 3414700, at *5 (D. Ariz. June 22, 2020); *see also United States v. Clay*, 2021 WL 2018996, at *3 (S.D. Tex. May 18, 2021) (collecting cases). Newman offers no evidence of his diligence before and during the COVID-19 pandemic. He does not explain why he waited ten months after his limitations period started before filing a state habeas petition. And he fails to explain why it took him more than seven months to file this federal habeas application after the CCA denied his state application.

Newman has not met his burden of showing that equitable tolling is warranted. His Section 2254 petition is untimely and should be dismissed on that basis.

### Recommendation

The Court should DISMISS Newman's Section 2254 petition as time-barred.

Signed November 28, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)